# EXHIBIT "A"

quirements of a financial responsibility or compulsory insurance law of the jurisdiction where such **auto** is being operated; and

**2.** Afford the minimum amounts for the types of mandatory coverages required by the jurisdiction where such **auto** is being operated.

This provision does not apply to any limits required by any law governing motor carriers of property or passengers.

**We** will not duplicate payments available under this or any other insurance for the same elements of loss.

## SECTION III - WHO IS AN INSURED

**A.** With respect to operations in **your** business as described under **SECTION II - COVERAGE, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. COVERAGE, a. Bodily Injury And Property Damage Liability (Other Than Auto), COVERAGE B AND COVERAGE C:**

**1.** If **you** are designated in the Declarations as:

  **a.** An individual, **you** and **your** spouse are **insureds**, but only with respect to the conduct of a business of which **you** are the sole owner.

  **b.** A partnership or joint venture, **you** are an **insured**. **Your** members, **your** partners, and their spouses are also **insureds**, but only with respect to the conduct of **your** business.

  **c.** A limited liability company, **you** are an **insured**. **Your** members are also **insureds**, but only with respect to the conduct of **your** business. **Your** managers are **insureds**, but only with respect to their duties as **your** managers.

  **d.** An organization other than a partnership, joint venture or limited liability company, **you** are an **insured**. **Your** executive officers and directors are **insureds**, but only with respect to their duties as **your** officers or directors. **Your** stockholders are

also **insureds**, but only with respect to their liability as stockholders.

  **e.** A trust, **you** are an **insured**. **Your** trustees are also **insureds**, but only with respect to their duties as trustees.

**2.** Each of the following is also an **insured**:

  **a.** **Your employees**, other than either **your** executive officers (if **you** are an organization other than a partnership, joint venture or limited liability company) or **your** managers (if **you** are a limited liability company), but only for acts within the scope of their employment by **you** or while performing duties related to the conduct of **your** business, or **your volunteer workers** only while performing duties related to the conduct of **your** business. However, none of these **employees** or **volunteer workers** are **insureds** for **bodily injury**, **personal injury** or **advertising injury**:

   **(1)** To **you**, to **your** partners or members (if **you** are a partnership or joint venture), to **your** members (if **you** are a limited liability company), to a co-**employee** while in the course of his or her employment or performing duties related to the conduct of **your** business, or to **your** other **volunteer workers** while performing duties related to the conduct of **your** business;

   **(2)** To the spouse, child, parent, brother or sister of that co-**employee** or **volunteer worker** as a consequence of **a.** above;

   **(3)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in **2.a.(1)** or **2.a.(2)** above; or

   **(4)** Arising out of his or her providing or failing to provide professional health care services.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

**b.** Any person (other than **your employee** or **volunteer worker**), or any organization while acting as **your** real estate manager.

**c.** Any person or organization having proper temporary custody of **your** property if **you** die, but only:

   **(1)** With respect to liability arising out of the maintenance or use of that property; and

   **(2)** Until **your** legal representative has been appointed.

**d.** **Your** legal representative if **you** die, but only with respect to duties as such. That representative will have all **your** rights and duties under this policy.

**3.** With respect to **mobile equipment** registered in **your** name under any motor vehicle registration law, any person is an **insured** while driving such equipment along a public highway with **your** permission. Any other person or organization responsible for the conduct of such person is also an **insured**, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an **insured** with respect to:

**a.** **Bodily injury** to a co-**employee** of the person driving the equipment; or

**b.** **Property damage** to property owned by, rented to, in the charge of or occupied by **you** or the employer of any person who is an **insured** under this provision.

**4.** Any organization **you** newly acquire or form, other than a partnership, joint venture or limited liability company, and over which **you** maintain ownership or majority interest, will qualify as a Named **Insured** if there is no other similar insurance available to that organization. However:

**a.** Coverage under this provision is afforded only until the 90th day after **you** acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** **Coverage A** does not apply to **bodily injury** or **property damage** that occurred before **you** acquired or formed the organization; and

**c.** **Coverage B** does not apply to **personal injury** or **advertising injury** arising out of an offense committed before **you** acquired or formed the organization.

No person or organization is an **insured** with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named **Insured** in the Declarations.

**B.** With respect to any **auto** or **farm implement** as described under **SECTION II - COVERAGE, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. COVERAGE, b. Bodily Injury And Property Damage Liability (Auto)**, only:

**1.** **You**.

**2.** **Your garage customers**.

**3.** Any other person or organization using an **auto** or **farm implement** with **your** permission. **Insured** shall not include, under only this provision **3.**:

**a.** Any of **your employees**, stockholders, partners (if **you** are a partnership) or members (if **you** are a limited liability company) or an additional **insured** with respect to any **auto**:

   **(1)** Owned by him or her; or

   **(2)** Any member of his or her household; or

**b.** Anyone working in any business of selling, servicing, repairing or parking **autos** or **farm implements**, other than **your garage business**.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

4. Any other person or organization, but only with respect to liability because of acts or omissions of an **insured** under **B.1.** or **2.** immediately above. **We** do not cover the owner or lender of an **auto** or **farm implement you** lease or borrow unless that **auto** or **farm implement** is attached to an **auto** or **farm implement.**

## SECTION IV - LIMITS OF INSURANCE

### A. COVERAGE A (Other Than Auto), COVERAGE B AND COVERAGE C

1. **Coverage A (Other Than Auto) And Coverage B**

   a. The Limits of Insurance shown in the Declarations and the rules below fix the most **we** will pay regardless of the number of:

      (1) **Insureds;**

      (2) Claims made or **suits** brought; or

      (3) Persons or organizations making claims or bringing **suits.**

   b. The General Aggregate Limit is the most **we** will pay for the sum of:

      (1) Medical expenses under **Coverage C;**

      (2) Damages under **Coverage A,** except damages because of **bodily injury** or **property damage** included in the **products completed operations hazard;** and

      (3) Damages under **Coverage B.**

   c. The Products-Completed Operations Aggregate Limit is the most **we** will pay under **Coverage A** for damages because of **bodily injury** and **property damage** included in the **products-completed operations hazard.**

   d. Subject to **b.** above, the **Personal Injury and Advertising Injury** Limit is the most **we** will pay under **Coverage B** for the sum of all damages because of all **personal injury** and all **advertising injury** sustained by any one person or organization.

   e. Subject to **b.** or **c.** above, whichever applies, the Each Occurrence Limit is the most **we** will pay for the sum of:

      (1) Damages under **Coverage A;** and

      (2) Medical expenses under **Coverage C**

      because of all **bodily injury** and **property damage** arising out of any one **occurrence.**

   f. The Damage To Premises Rented To You Limit is the most **we** will pay under **Coverage A** for damages because of **property damage** to any one premises, while rented to **you,** or in the case of damage by fire, while rented to **you** or temporarily occupied by **you** with permission of the owner.

   g. Subject to **e.** above, the Medical Payments Limit is the most **we** will pay under **Coverage C** for all medical expenses because of **bodily injury** sustained by any one person.

   h. Beginning with the effective date of this policy, **we** will provide twice the General Aggregate Limit (other than Products-Completed Operations), shown in the Declarations.

   If this policy is written for more than one 12 month period, the General Aggregate Limit for each 12 month period shall never exceed twice the General Aggregate Limit shown in the Declarations. The General Aggregate Limit applies separately to each 12 month period starting with the beginning of the policy period shown in the Declarations.

   The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issu-

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

ance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance .

2. **Coverage C**

   a. The limit of insurance shown in the Declarations for MEDICAL PAYMENTS is the most **we** shall pay to or for any person in one **occurrence** for medical and funeral services.

   b. **We** may pay the injured person or the party that renders the medical services.

   c. In the event of the death of the injured person:

      (1) For incurred funeral expenses, **we** shall pay no more than the difference between the limit of insurance for Medical Payments shown in the Declarations for each person less amounts paid or payable for reasonable and necessary medical expenses.

      (2) Payment for funeral services shall be made to the deceased person's surviving spouse; if none, to surviving children, share and share alike; if none, to surviving parents, share and share alike; if none, to the deceased person's estate.

   d. The limit of insurance is not increased because of the number of:

      (1) **Insureds**;

      (2) Persons injured;

      (3) Claims made or **suits** brought; or

      (4) Premises shown in the Declarations or premiums charged.

B. **COVERAGE A (Auto)**

   **We** shall pay damages for **bodily injury** or **property damage** up to the limit of insurance shown in

the Declarations for such coverage. Such damages shall be paid as follows:

1. For **bodily injury**:

   a. The limit shown in the Declarations for each person is the amount of coverage and the most **we** shall pay for all damages because of or arising out of **bodily injury** to any one person in any one **occurrence**.

   b. The limit shown for each occurrence is the total amount of coverage and the most **we** shall pay, subject to **B.1.a.** above, for all damages because of or arising out of **bodily injury** to two or more persons in any one **occurrence**.

2. For **property damage**, the limit shown in the Declarations is the most **we** shall pay for **property damage** in any one **occurrence**.

3. The limit of insurance applicable to a **trailer**, non-motorized farm machinery or farm wagon which is connected to an **auto** covered by this policy shall be the limit of insurance applicable to such **auto**. The **auto** and connected **trailer**, non-motorized farm machinery or farm wagon are considered one **auto** and do not increase the limit of insurance.

4. The limit of insurance applicable to a **trailer** covered by this policy:

   a. Which is not connected to an **auto**; or

   b. Which is connected to an **auto** not covered by this policy

   will be the limit of insurance applicable to the **auto**.

5. The limit of insurance shown in the Declarations for this coverage is the most **we** shall pay for all claims of one or more persons in any one **occurrence** regardless of the number of:

   a. Persons injured;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

b. **Autos** to which this insurance applies;

c. Premiums charged in the Declarations or premiums paid;

d. Claims presented or **suits** brought; or

e. **Autos** involved in the **occurrence**.

## SECTION V - DEDUCTIBLE

A. If a **Property Damage** Liability Deductible is shown in the Declarations, **our** obligation to pay damages for **property damage** applies only to damages in each **occurrence** in excess of such deductible.

B. **We** may decide to pay all or any part of the deductible to settle a claim or **suit**. **You** must then promptly reimburse **us** for the deductible or the portion of the deductible **we** paid.

C. The terms and conditions of this policy including those relating to

1. **Our** right and duty to defend; and

2. **Your** duties after an accident or loss apply regardless of the deductible amount.

## SECTION VI - WHAT YOU MUST DO AFTER AN ACCIDENT, OCCURRENCE OR LOSS

A. **You** must see to it that **we** are notified as soon as practical of an **occurrence** or an offense which may result in a claim. To the extent possible, notice should include:

1. How, when and where the **occurrence** or offense took place;

2. The names and addresses of any injured persons and witnesses; and

3. The nature and location of any injury or damage arising out of the **occurrence** or offense.

B. If a claim is made or **suit** is brought against any **insured**, **you** must:

1. Immediately record the specifics of the claim or **suit** and the date received; and

2. Notify **us** as soon as practical.

**You** must see to it that **we** receive written notice of the claim or **suit** as soon as practical.

C. **You** and any other involved **insured** must:

1. Immediately send **us** copies of any correspondence, demands, notices, summonses or legal papers received in connection with the claim or **suit**;

2. Authorize **us** to obtain records and other information; and

3. Assist **us**, upon **our** request, in the enforcement of any right against any person or organization which may be liable to the **insured** because of injury or damage to which this insurance may also apply.

D. No **insured** will, except at that **insured's** own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without **our** consent.

E. **You** must promptly take at **your** expense all reasonable steps to prevent other **bodily injury** or **property damage** from arising out of the same or similar condition, but such expense is not recoverable under this policy.

F. Under Uninsured Motorist Coverage and/or Underinsured Motorist Coverage, any person making a claim must:

1. Give **us** written notice and documentation of loss;

2. Submit to examinations by physicians **we** select as often as **we** require; and

3. Authorize **us** to obtain medical reports and other pertinent records.

**We** must be given copies of the legal papers if **suit** is brought against any person believed to be legally responsible.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

G. **You** and any person seeking coverage under this policy must cooperate with **us** in the investigation, settlement or defense of any claim or **suit**. This includes submitting to statements and examinations under oath, audio or video taped examinations under oath while not in the presence of any other **insured** and sign the transcripts of the statements and examinations. **You** must give **us** access to any documents which **we** request.

H. The person to or for whom payment is made under Uninsured Motorist Coverage and/or Underinsured Motorist Coverage must hold in trust for **us** that person's rights of recovery against any legally liable person. That person must do all that is proper to secure such rights and must do nothing to prejudice them. That person must take any required action in that person's name to recover damages and reimburse **us** out of any proceeds to the extent of **our** payment.

I. When a claim under **MEDICAL PAYMENTS** is involved, the injured person or someone acting on behalf of the injured person must:

1. Give **us**, as soon as possible, written proof of claim under oath if required;

2. Submit to physical examinations at **our** expense by doctors **we** select, as often as **we** may reasonably require; and

3. Authorize **us** to obtain medical and other records.

## SECTION VII - GENERAL CONDITIONS

### A. SEVERABILITY OF INSURANCE

Except as to **our** limit of insurance, this insurance applies separately to each **insured** against whom claim is made or **suit** is brought.

### B. BANKRUPTCY

Bankruptcy or insolvency of the **insured** or of the **insured's** estate will not relieve **us** of **our** obligations under this policy.

### C. POLICY PERIOD; TERRITORY

**We** cover **bodily injury** or **property damage** that occurs during the policy period shown in the Declarations:

1. In the United States of America, its territories or possessions and Canada;

2. While an **auto**, to which this insurance applies, is being transported between any of the places listed in **C.1.** above; and

3. Anywhere in the world with respect to:

   a. Products **you** make or sell in a place listed in **C.1.** above; or

   b. Activities of an **insured**, resident of a place listed in **C.1.** above, away for a short time in the course of **your** business

   if an **insured** must pay damages as a result of:

   a. A **suit** brought in a place listed in **C.1.** above; or

   b. A settlement to which **we** agree.

### D. LEGAL ACTION AGAINST US

No person or organization has a right under this policy:

1. To join **us** as a party or otherwise bring **us** into a **suit** asking for damages from an **insured**; or

2. To sue **us** on this policy unless all of its terms have been fully complied with.

A person or organization may sue **us** to recover on an agreed settlement or on a final judgment against an **insured** obtained after an actual trial; but **we** will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by **us**, the **insured** and the claimant or the claimant's legal representative.

### E. OTHER INSURANCE

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

If other valid and collectible insurance is available to the **insured** for a loss **we** cover under **Coverages A** or **B** of this policy, **our** obligations are limited as follows:

1. Primary Insurance

   This insurance is primary except when **2.** and **4.** below applies. If this insurance is primary, **our** obligations are not affected unless any of the other insurance is also primary. Then, **we** will share with all that other insurance by the method described in **3.** below.

2. Excess Insurance

   This insurance is excess over:

   a. Any of the other insurance, whether primary, excess, contingent or on any other basis:

      (1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for **your work**;

      (2) That is Fire insurance for premises rented to **you** or temporarily occupied by **you** with permission of the owner;

      (3) That is insurance purchased by **you** to cover **your** liability as a tenant for **property damage** to premises rented to **you** or temporarily occupied by **you** with permission of the owner; or

      (4) If the loss arises out of the maintenance or use of aircraft, **autos** or **watercraft** to the extent not subject to **2. EXCLUSIONS, b.(3)** of **SECTION II - COVERAGE A.**

   b. Any other primary insurance available to **you** covering liability for damages arising out of the premises or operations for which **you** have been added as an additional **insured** by attachment of an endorsement.

   When this insurance is excess, **we** will have no duty under **Coverages A** or **B** to defend the **insured** against any **suit** if any other insurer has a duty to defend the **insured** against that **suit**. If no other insurer defends, **we** will undertake to do so, but **we** will be entitled to the **insured's** rights against all those other insurers.

   When this insurance is excess over other insurance, **we** will pay only **our** share of the amount of the loss, if any, that exceeds the sum of:

   a. The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

   b. The total of all deductible and self-insured amounts under all that other insurance.

   **We** will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this policy.

3. Method of Sharing

   If all of the other insurance permits contribution by equal shares, **we** will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

   If any of the other insurance does not permit contribution by equal shares, **we** will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

4. This insurance shall be, with respect to any **auto** to which this insurance applies:

   a. Primary insurance for any **auto** owned by **you** except when such **auto** is in the care, custody or control of a **garage customer**;

   b. Excess insurance over any other collectible insurance for any **auto you** do not own; and

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

c. Excess insurance over any other collectible insurance available to a **garage customer** when an **auto** owned by **you** is in the care, custody or control of such **garage customer**.

5. Subject to **1.** and **4.** above, this coverage shall be primary when any **trailer** is connected to an **auto** (that is not a **trailer**) to which this insurance applies.

6. Subject to **1.** above, this coverage shall be excess when any **trailer** is connected to an **auto** (that is not a **trailer**), except an **auto** (that is not a **trailer**) to which this insurance applies.

## F. PREMIUM AUDIT

1. **We** will compute all premiums for this policy in accordance with **our** rules and rates.

2. Premium shown in this policy as advance premium is a deposit premium only. At the close of each audit period **we** will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named **Insured**. If the sum of the advance and audit premiums paid for the policy term is greater than the earned premium, **we** will return the excess to the first Named **Insured**.

3. The first Named **Insured** must keep records of the information **we** need for premium computation, and send **us** copies at such times as **we** may request.

4. **We** will retain no less than the minimum premiums.

## G. REPRESENTATIONS

By accepting this policy, **you** agree:

1. The statements in the Declarations are accurate and complete;

2. Those statements are based upon representations **you** made to **us**; and

3. **We** have issued this policy in reliance upon **your** representations.

## H. SEPARATION OF INSUREDS

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this policy to the first Named **Insured**, this insurance applies:

1. As if each Named **Insured** were the only Named **Insured**; and

2. Separately to each **insured** against whom claim is made or **suit** is brought.

## I. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If the **insured** has rights to recover all or part of any payment **we** have made under this policy, those rights are transferred to **us**. The **insured** must do nothing after loss to impair them. At **our** request, the **insured** will bring **suit** or transfer those rights to **us** and help **us** enforce them.

## J. CHANGES

This policy contains all the agreements between **you** and **us** concerning the insurance afforded. The first Named **Insured** shown in the Declarations is authorized to make changes in the terms of this policy with **our** consent. This policy's terms can be amended or waived only by endorsement issued by **us** and made a part of this policy.

## K. EXAMINATION OF YOUR BOOKS AND RECORDS

**We** or any of **our** representatives may examine and audit **your** books and records as they relate to this policy at any time during the policy period and up to three years afterward for the purpose of determining the premium for this insurance.

## L. INSPECTIONS AND SURVEYS

**We** have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give **you** reports on the conditions **we** find; and

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. **We** do not make safety inspections. **We** do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And **we** do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to **us**, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**M. PREMIUMS**

The first Named **Insured** shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums **we** pay.

**N. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

**Your** rights and duties under this policy may not be transferred without **our** written consent except in the case of death of an individual named **insured**. If **you** die, **your** rights and duties will be transferred to:

1. **Your** spouse, if **you** are an individual;

2. **Your** legal representative but only while acting within the scope of duties as **your** legal representative; and

3. Anyone having proper temporary custody of **your** property will have **your** rights and duties but only with respect to that property and only until **your** legal representative is appointed.

**O. CONCEALMENT OR FRAUD**

This policy is void if, whether before, during or after a loss, any person seeking coverage under this policy has:

1. Intentionally concealed or misrepresented any material fact or circumstance relating to this insurance;

2. Engaged in fraudulent conduct relating to this insurance; or

3. Made false statements relating to this insurance.

**P. DUPLICATION OF COVERAGE**

1. If this policy and any other insurance policy, form or coverage provided by **us** or a company affiliated with **us**, provide coverage for the same loss or damage, **our** maximum limit of insurance under all the insurance policies, forms or coverages shall not exceed the highest limit of insurance under any single insurance policy, form or coverage applicable to the loss or damage.

2. This condition does not apply to any insurance policy, form or coverage issued by **us** or a company affiliated with **us** to specifically provide excess insurance over this insurance.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004

89701 (12-04)

## DEALER'S BLANKET

**READ THIS CAREFULLY.** This page provides only a brief outline of some of the important features of this policy. The actual policy provisions will control. The policy itself sets forth, in detail, the rights and obligations of both you and us. **IT IS IMPORTANT THAT YOU READ THE POLICY.**

### A QUICK GUIDE TO THIS POLICY

The DEALER'S BLANKET DECLARATIONS contain:

YOUR NAME
POLICY TERM
COVERAGES
LIMIT OF INSURANCE
ENDORSEMENTS THAT APPLY

YOU WILL FIND                                                     ON PAGE

**INSURING AGREEMENT**                                               1

**DEFINITIONS**                                                      1

**SECTION I - PHYSICAL DAMAGE**                                      2
   **A.** COVERAGE                                     2
   **B.** PERILS WE INSURE AGAINST                     2
   **C.** EXCLUSIONS                                   3
   **D.** LIMIT OF INSURANCE - COINSURANCE CLAUSE      5
   **E.** DEDUCTIBLE                                   5
   **F.** AUTOMATIC INSURANCE FOR NEWLY ACQUIRED LOCATIONS   5
   **G.** CONDITIONS                                   5

**SECTION II - WHAT YOU MUST DO AFTER AN ACCIDENT OR LOSS**          8

**SECTION III - GENERAL CONDITIONS**                                 8
   **A.** POLICY PERIOD; TERRITORY                     8
   **B.** CONCEALMENT OR FRAUD                         9
   **C.** CHANGES                                      9
   **D.** ASSIGNMENT                                   9
   **E.** INSPECTIONS                                  9
   **F.** DUPLICATION OF COVERAGE                      9
   **G.** EXAMINATION OF BOOKS AND RECORDS             9
   **H.** OUR RIGHT TO RECOVER PAYMENT                 9
   **I.** RECOVERIES                                   9

## ——— INSURING AGREEMENT ———

The attached Declarations describe the Coverages and Limits of Insurance for which **you** have paid a premium. In reliance upon **your** statements in the Declarations and application(s), **we** agree to provide insurance subject to all terms and conditions of this policy. Each coverage described in this policy applies if a limit of insurance or a premium is shown in the Declarations for that coverage. In return, **you** must pay the premium and comply with all the terms and conditions of this policy.

## ——— DEFINITIONS ———

To understand this form, **you** must understand the meaning of the following words. These words appear in **bold face type** whenever used in this form and attached amendatory forms.

1. **Actual cash value** means the cost to repair or replace lost or damaged covered property with new property of similar quality and features reduced by the amount of depreciation applicable to the lost or damaged covered property immediately prior to the loss.

   **Actual cash value** does not include:

   a. **your** prospective profit or any overhead charges;
   b. compensation for loss of use of lost or damaged covered property;
   c. compensation for personal expense because of loss of use of lost or damaged covered property; nor
   d. any real or perceived reduction in market value of covered property after it has been repaired as compared to the real or perceived market value of covered property prior to such loss or damage.

2. **Automobile** means a land motor vehicle, **trailer** or **farm implement**. **Automobile** includes equipment permanently included in or upon such **automobile**.

3. **Farm implement** means a land vehicle including any attached machinery, whether self-propelled or not, designed principally for use off public roads which is usual to the operations of a farm and designed for farming purposes. **Farm implement** includes animal drawn equipment.

4. **Garage business** means the ownership, maintenance or use of **premises** by **you** as a garage operation. This may include an automobile dealer, repair shop, service station, storage garage or public parking place. Unless modified in other

   parts of this policy, it also includes operations necessary and incidental to the garage operation.

5. **Premises** means any grounds used by **you** in **your garage business** including the ways immediately adjoining. **Premises** does not include any portion of such grounds upon which business operations are conducted by any other person or organization.

6. **Private passenger automobile** means:

   a. a passenger or station wagon type **automobile** with four or more wheels;

   b. a pickup or van type **automobile** with a gross weight of 15,000 pounds or less which is not used in the business of carrying passengers for hire; or

   c. a motor home.

7. **Trailer** means a vehicle which is designed to be connected to and towed by an **automobile**. **Trailer** includes mobile homes, modular homes, utility trailers, camping trailers and vacation trailers.

8. **Watercraft** means a conveyance capable of being used as a means of transportation on water. This does not include aircraft or hovercraft. **Watercraft** includes **trailers** used to transport such **watercraft**.

9. **We**, **us** or **our** means the Company providing this insurance.

10. **You** or **your** means the named insured shown in the Declarations and if an individual, **your** spouse who resides in the same household.

Page 1 of 10

# SECTION I - PHYSICAL DAMAGE

## A. COVERAGE

### 1. Covered Property

**We** cover:

**a. automobiles:**

(1) held by **you** for sale;

(2) used in **your garage business** as an **automobile** dealer, including repair service;

(3) used as demonstrators;

(4) **you** own which are:

a) used by **you**; or

b) furnished for the regular use of others; or

(5) held by **you** pending actual delivery after sale.

**b. watercraft:**

(1) held by **you** for sale;

(2) held by **you** pending actual delivery after sale.

**c.** equipment permanently installed in or upon any **automobile** or **watercraft** described in a. or b. immediately above.

**d.** camper bodies.

### 2. Property Not Covered

**We** do not cover:

**a. automobiles:**

(1) **you** own which are regularly used by **you** or others for other business purposes; or

(2) held by **you** pending actual delivery after sale for which the purchaser is insured.

**b. watercraft** held by **you** pending actual delivery after sale for which the purchaser is insured.

## B. PERILS WE INSURE AGAINST

### 1. Named Perils

**We** shall pay for direct physical loss of or direct physical damage to covered property resulting from any of the following perils:

**a.** fire or lightning;

**b.** the stranding, sinking, burning, collision or derailment of any conveyance transporting the covered property;

**c.** windstorm, hail, earthquake or explosion;

**d.** theft, larceny, robbery and pilferage;

**e.** flood or rising waters;

**f.** vandalism or malicious mischief;

**g.** riot or civil commotion;

**h.** smoke or smudge arising out of the abrupt unusual and faulty operation of any fixed heating equipment used to heat the premises in which the covered property is stored;

**i.** external discharge and leakage of water;

**j.** aircraft or its parts;

**k.** authorized destruction by civil authorities; or

**l.** colliding with an animal or bird.

### 2. Comprehensive Coverage

**a.** **We** shall pay for direct physical loss of or direct physical damage to covered property to which this insurance applies resulting from any cause except upset or collision with another object or with a vehicle to which it is attached.

**b.** **We** shall pay for glass breakage to covered property from any cause, including collision.

c. **We** shall pay for direct physical damage caused by:

(1) missiles or falling objects; or

(2) colliding with an animal or bird.

3. **Collision Coverage**

a. **We** shall pay for direct physical damage to covered property caused by accidental collision with another vehicle or object or accidental upset.

b. Collision coverage does not include any loss or damage covered under:

(1) Named Perils; or

(2) Comprehensive Coverage.

c. When this insurance does not provide Named Perils or Comprehensive Coverage, colliding with an animal or bird will be considered collision with another object.

C. **EXCLUSIONS**

**We** do not cover under this insurance any of the following, whether or not any other cause or event contributed concurrently or in any sequence to the loss:

1. loss to covered property while in a building or on any **premises** occupied by **you** as a factory or assembly plant. This exclusion does not apply to salesrooms, service stations or garages.

2. loss to more than four **automobiles** or **watercraft** while on any single boat, barge or lighter. This exclusion does not apply to property in transit by railroad car while being transported on a car ferry.

3. **your** loss of covered property:

a. with which **you** have voluntarily parted with title to, possession of or custody of because someone caused **you** to do so by a scheme, trick, device or false pretense; or

b. because of **your** acquiring the **automobile** or **watercraft** from a seller who did not have legal title.

4. loss to any **automobile**, **watercraft** or camper body:

a. in the possession of another under any lease or rental agreement unless leased to a salesperson for use principally in **your garage business**. This exclusion will not apply to any **private passenger automobile** rented to **your** customer while such customer's **automobile** is in **your** custody and control for service or repair.

b. in the possession of any purchaser under any partial payment or purchasing plan.

c. in the possession of another dealer or auction under any circumstances unless the **automobile**, **watercraft** or camper body is in the possession of another dealer for repair.

5. loss, however caused, arising directly or indirectly from:

a. war, including any undeclared war or civil war;

b. insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these; or

c. warlike action by a military force, including action in hindering or defending against an actual or expected attack by any government, sovereign or other authority using military personnel or other agents.

6. loss to any **automobile** or **watercraft** while preparing for, practicing for or participating in any prearranged racing, speed, stunting activity, pulling contest or demolition contest.

7. under Named Perils, loss to covered property which results from collision or upset of the **automobile** on which it is being transported.

8. under Comprehensive coverage:

   a. loss or damage resulting from:

      (1) wear and tear;

      (2) freezing;

      (3) mechanical breakdown; or

      (4) electrical breakdown, other than burning of wiring.

   **We** will cover such loss or damage if caused by other loss or damage covered by this policy.

   b. loss or damage to tires. **We** will cover loss or damage to tires if:

      (1) caused by fire;

      (2) malicious mischief and vandalism;

      (3) theft; or

      (4) it is coincident with other loss or damage covered by this policy.

   c. loss or damage resulting from nuclear action meaning nuclear reaction, radiation, radioactive contamination, discharge of a nuclear weapon, however caused and whether controlled or uncontrolled, or any consequence of any of these.

   d. loss or damage to headlights. **We** will cover loss or damage to headlights if co-incident with other loss or damage covered by this policy.

9. **your** failure, directly or indirectly, to protect covered property from other or additional loss or damage.

10. payment of any reward offered for the recovery of covered property unless **we** authorize such payment prior to the offering of the reward.

11. loss of or damage to covered property because of or arising out of the intentional act of any person. This exclusion does not apply:

    a. to **you** for acts committed by any other person or organization without **your** knowledge or direction; nor

    b. to a loss payee's interest in the covered property.

12. loss of or damage to covered property because of confiscation or destruction by any civil or governmental authorities because of illegal activities engaged in by **you**. This exclusion does not apply to a loss payee's interest in the covered property.

13. any real or perceived reduction in market value of covered property after it has been repaired as compared to the real or perceived market value of covered property prior to such loss or damage.

14. conversion, embezzlement or secretion by any person who lawfully possessed covered property under any sale, lease or similar agreement.

15. loss of or damage to audio or video tapes, cassettes, disc or cartridges or related items.

16. loss of or damage to any device designed or used to detect or locate radar or any other speed measuring or calculating apparatus.

17. loss of or damage to television, radio, stereo, audio or video tape deck, compact disc player or other similar device designed for the reproduction of sound or video, including related items. These devices are covered if they are:

    a. standard or optional equipment from the manufacturer of the **automobile** or **watercraft** for that make, model and model year; or

    b. permanently installed in the **automobile** or **watercraft**.

18. loss of or damage to any two-way communication device, global positioning system, including related items. These devices are covered if they are:

   a. standard or optional equipment from the manufacturer of the **automobile** or **watercraft** for that make, model and model year; or

   b. permanently installed in the **automobile** or **watercraft**.

## D. LIMIT OF INSURANCE - COINSURANCE CLAUSE

1. Subject to D. 2. immediately below and **E. DEDUCTIBLE**, **we** shall pay no more than the lowest of the following:

   a. the **actual cash value** of the covered property at the time the loss or damage occurs;

   b. the necessary cost, at local prices, to repair or replace the property or damaged parts with materials of similar kind and quality; or

   c. **your** original cost of the covered property.

2. a. If this insurance is written on a reporting basis:

      (1) **our** liability for any loss shall not exceed the **actual cash value** of the inventory on the date of loss if the Dealer's Blanket Monthly Reporting Form for the reporting period immediately prior to the loss is not delinquent or inaccurate.

      (2) **our** liability for any loss shall not exceed that proportion of such loss which **your** last reported inventory on the Dealer's Blanket Monthly Reporting Form prior to the loss for all locations bears to the **actual cash value** of the inventory at all locations if, on the date of loss, the report for the reporting period immediately prior to the loss is delinquent or inaccurate.

   b. If this insurance is written on a non-reporting basis, **our** liability for any loss shall not exceed that proportion of the loss which the limit of insurance shown in the Declarations bears to the **actual cash value** at all locations at the time of loss.

3. **Our** payment of loss shall not be increased because of the number of parties with a financial interest in the covered property.

## E. DEDUCTIBLE

If a deductible(s) is shown in the Declarations, this contract or any attached form, no loss will be paid until the amount of loss exceeds the applicable deductible(s). **We** shall then pay the amount of loss in excess of such deductible in accordance with policy provisions up to the corresponding limit of insurance shown in the Declarations. If more than one coverage or deductible applies to the same covered loss, the corresponding deductibles will be applied separately.

## F. AUTOMATIC INSURANCE FOR NEWLY ACQUIRED LOCATIONS

If **you** acquire a new location, the insurance provided by this policy applies to such new location as of the date of its acquisition.

## G. CONDITIONS

1. PREMIUMS

   a. Non-Reporting Form

      If this insurance is written on a non-reporting basis, the premium is due at the inception date of the policy term shown in the Declarations.

   b. Reporting Form

      (1) if this insurance is written on a reporting basis, a deposit premium is due at the inception date of the policy term shown in the Declarations. An earned premium will be computed monthly as explained in the Reporting Form which **we** furnish. The earned premium:

Page 5 of 10

**(a)** will be billed on the basis shown in the Declarations; and

**(b)** will be due when billed so that the full deposit remains for the next period.

**(2)** At the end of the policy period, if the total earned premium exceeds the deposit and interim payments, **you** must pay the difference. If the total earned premium is less than the deposit and interim payments, **we** will refund the difference subject to the minimum premium.

**(3)** **You** must send **us** a statement of the **actual cash value** of all covered property by the 15th day of each month. The statement will be as of the last business day of the preceding month. If **you** fail to send **us** any monthly report, an earned premium will be computed based on **your** last statement.

**2. REPAIR OR REPLACEMENT**

**We** may, at **our** option, either:

**a.** repair or replace any part of covered property with property of like kind and quality; or

**b.** make a cash settlement in accordance with the provisions of this insurance, subject to the deductible, if any, and take all or part of the covered property.

**We** must give **you** notice of **our** intention within 30 days after **we** receive **your** proof of loss.

**3. REPLACEMENT AND REPAIRS REIMBURSEMENT**

**a.** In the event of loss or damage, if **you** and **we** agree, **you** must:

**(1)** replace the covered property; or

**(2)** furnish the labor and materials necessary for repairs to covered property.

**We** shall then pay **you**, the retail price of the replaced property or furnished labor and materials multiplied by the percentage shown in the Declarations for REPLACEMENT AND REPAIRS REIMBURSEMENT.

**b.** In the event of loss or damage, if **you** do not:

**(1)** replace the covered property;

**(2)** furnish the labor and materials necessary for repairs to such covered property in **your** facility; or

**(3)** have others make necessary repairs to such covered property

**we** shall then pay **you** the **actual cash value** of the covered property.

**4. OUR PAYMENT OF LOSS**

**We** will adjust any loss with **you**. **We** shall pay **you** and all payees named in the Declarations. At **our** option, **we** may also pay any other party with a financial interest in the covered property. **We** shall pay within 60 days after:

**a.** **we** receive **your** proof of loss;

**b.** **we** receive all other requested documents; and

**c.** the amount of loss is finally determined by an agreement between **you** and **us**, a court judgment or an appraisal award.

**5. NO BENEFIT TO BAILEE**

This insurance shall not, in any way, benefit any person or organization liable for loss to covered property.

**6. PROTECTION OF SALVAGE**

In the event of loss or damage to covered property, whether covered by this insurance or not, **you** must protect such covered property from other or additional loss or damage.

Page 6 of 10

Any such act by **you** or **us** or **our** agents in recovering, saving and preserving the covered property shall be considered as done for the benefit of all concerned and without prejudice to the rights of either party.

When the loss under this insurance constitutes a claim under this insurance, then **we** shall pay all reasonable expenses incurred to protect the covered property from other or additional loss or damage.

**7.   OTHER INSURANCE**

If there is other insurance available to **you**, whether primary, excess or contingent, against a loss **we** cover, **we** will pay only **our** share. **Our** share will be the ratio of the limit of insurance to the total of the limits of all valid and collectible insurance which applies.

**8.   LEGAL ACTION AGAINST US**

No legal action may be brought against **us**:

**a.**  unless **you** have fully complied with all the terms of this insurance; and

**b.**  until the amount of loss has been finally determined in accordance with the terms of this policy.

**Suit** must be brought within one year after the loss or damage occurs.

**9.   APPRAISAL**

If **you** and **we** fail to agree on the **actual cash value** or amount of loss covered by this policy, either party may make written demand for an appraisal.

Each party must select an appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the **garage business** is located to select an umpire.

The appraisers will then appraise the loss, stating separately the **actual cash value** and loss to each item. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the **actual cash value** or amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award by two will determine the **actual cash value** or amount of loss.

Each party will pay the appraiser it chooses, and equally pay the umpire and all other expenses of the appraisal.

**10. ABANDONED PROPERTY**

**We** are not obliged to accept abandoned property.

**11. BANKRUPTCY**

Bankruptcy or insolvency proceedings filed by **you** or **your** estate will not relieve **us** of any obligation under this policy.

**12. INSURABLE INTEREST**

Subject to D. LIMIT OF INSURANCE, **we** will not pay more than the insurable interest:

**a.**  **you** have in the covered property at the time of loss or damage;

**b.**  all payees named in the Declarations have in the covered property at the time of loss or damage; and

**c.**  any other party with a financial interest in the covered property at the time of loss or damage.

## ———— SECTION II - WHAT YOU MUST DO AFTER AN ACCIDENT OR LOSS ————

**A.** If a covered loss occurs, **you** must:

1. give **us** or **our** authorized representative notice as soon as possible.

2. provide **us** with the names and addresses of any witnesses.

3. notify **us** how, when and where the accident happened and the name of the owner or driver of the other **automobile** or **watercraft** involved, if the covered loss is because of an accident.

4. send to **us**, within 60 days after the loss, a proof of loss signed and sworn to by **you**, including:

   a. **your** interest and the interest of all others in the **automobile** or **watercraft**;

   b. all encumbrances on such **automobile** or **watercraft**;

   c. all other insurance, whether or not valid and collectible;

   d. the time and cause of loss;

   e. the **actual cash value** and the amount of loss; and

   f. an inventory of all damaged and destroyed property including:

      (1) detailed listing of quantities, costs, **actual cash value** and amount of loss claimed; and

      (2) a copy of all available bills, receipts and related documents that substantiate the figures in the inventory.

5. promptly report the loss to police if the loss or damage is caused by theft, larceny, robbery, pilferage or trickery.

6. submit to statements and examinations under oath and video taped examinations under oath while not in the presence of any other insured and sign the transcripts of the statements and examinations.

7. provide **us** with records and documents **we** require and permit **us** to make copies.

8. make available employees or others for examination under oath and audio or video taped examinations under oath to the extent that is within **your** power to do so.

**B.** **You** and any person seeking coverage under this policy must cooperate with **us** in the investigation or settlement of any claim. This includes giving **us** access to any documentation that **we** request.

**C.** When a claim is made for damage to any covered property, **you** must let **us** examine such covered property before repairs are made or evidence of loss removed.

**D.** Following damage to covered property, every reasonable effort must be made to protect such covered property against further loss and keep records of the cost. **We** will pay the reasonable expense incurred to do this.

## ———— SECTION III - GENERAL CONDITIONS ————

**A. POLICY PERIOD; TERRITORY**

**We** cover loss of or damage to covered property that occurs during the policy period shown in the Declarations:

1. in the United States of America, its territories or possessions;

2. in Canada;

3. in Mexico; or

4. while being transported between any of the ports of the places listed in 1., 2. or 3. above.

**B. CONCEALMENT OR FRAUD**

This contract is void if, whether before, during or after a loss, any person seeking coverage under this contract has:

1. intentionally concealed or misrepresented any material fact or circumstance relating to this insurance;

2. engaged in fraudulent conduct relating to this contract; or

3. made false statements relating to this contract.

## C. CHANGES

This contract and the Declarations include all the agreements between **you** and **us** or the agent relating to this contract. No change or waiver may be effected in this contract except by endorsement issued by **us**. If a premium adjustment is necessary, **we** shall make the adjustment as of the effective date of the change.

**We** may adjust **your** premium because of differences in the exposures that were used to determine such premium.

Premium adjustment will be made at the time of the change.

## D. ASSIGNMENT

No interest in this contract may be transferred or assigned without **our** written consent. But, if **you** should die within the policy term, the contract will cover as though named in the Declarations:

1. **your** spouse, if **you** are an individual;

2. **your** legal representative while acting in that capacity, provided **we** are given written notice of **your** death within 60 days; and

3. any person having proper temporary custody of covered property to which this contract applies:

   a. until a legal representative is appointed; and

b. provided **we** are given written notice of **your** death within 60 days.

## E. INSPECTIONS

**We** may, but are not required to, inspect **your** property and **garage operations**. **Our** inspection or resulting advice or report does not warrant that **your** property or **garage operations** are safe or healthful or comply with any laws, rules or regulations.

## F. DUPLICATION OF COVERAGE

1. If this insurance and any other insurance policy or form of coverage provided by **us** or a company affiliated with **us**, provides coverage for the same loss or damage, **our** maximum limit of insurance under all the insurance policies or forms of coverage will not exceed the highest limit of insurance under any single insurance policy or form of coverage applicable to the loss or damage.

2. This condition does not apply to any insurance policy or form of coverage issued by **us** or a company affiliated with **us** to specifically provide excess insurance over this insurance.

## G. EXAMINATION OF BOOKS AND RECORDS

**We** may examine and audit **your** books and records as they relate to this insurance at any time during the policy period and up to three years afterward.

## H. OUR RIGHT TO RECOVER PAYMENT

After making payment under this policy, **we** shall have the right to recover to the extent of **our** payment from anyone held responsible. This right will not apply if **you** have waived it in writing prior to the loss.

## I. RECOVERIES

If **we** pay for a loss and then lost or damaged property is recovered or payment is made by those responsible for the loss, the following conditions apply:

1. **You** must inform **us** or **we** must inform **you** if either recover property or receive payment.

2. Proper costs paid by either party are paid first.

3. **You** may keep the property. If so, the amount of claim paid or a lesser amount to which **we** agree, must be returned to **us**.

4. If the claim paid is less than the agreed loss because of a deductible or other limiting terms, the recovery is prorated between **you** and **us** based on the interest of each party in the loss.

89707 (11-04)

# LIMITATION OF DEDUCTIBLE
## Dealer's Blanket

It is agreed:

Under **SECTION I - PHYSICAL DAMAGE, E. DEDUCTIBLE**, the following is added:

The deductible applies to each **automobile** or **watercraft**. However, except with respect to loss or damage caused by collision, the total deductible amount for any one occurrence shall not exceed five times the deductible.

All other policy terms and conditions apply.

Page 1 of 1

89723 (7-06)

# EXCLUSION OF NUCLEAR, BIOLOGICAL OR CHEMICAL TERRORISM
## Garage Liability

It is agreed:

**A.** Under **SECTION IV - DEFINITIONS**, the following definition is added:

"**TERRORISM**" means activities against persons, organizations or property of any nature:

    **1.** That involve the following or preparation for the following:

        **a.** Use or threat of force or violence; or

        **b.** Commission or threat of a dangerous act; or

        **c.** Commission or threat of an act that interferes with or disrupts an electronic, communication, information, or mechanical system; and

    **2.** When one or both of the following applies:

        **a.** The effect is to intimidate or coerce a government or the civilian population or any segments thereof, or to disrupt any segment of the economy; or

        **b.** It appears that the intent is to intimidate or coerce a government or the civilian population, or to further political, ideological, religious, social or economic objectives or to express (or express opposition to) a philosophy or ideology.

**B.** Under **SECTION I - INSURING AGREEMENTS, A. BODILY INJURY** and **B. PROPERTY DAMAGE LIABILITY**, the following is added:

Coverages A and B shall not apply to bodily injury or property damage caused directly or indirectly by terrorism, including action in hindering or defending against an actual or expected incident of terrorism. All bodily injury or property damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to such injury or damage. This exclusion applies only when one or more of the following are attributed to an incident of terrorism:

    **1.** The terrorism is carried out by means of the dispersal or application of radioactive material, or through the use of a nuclear weapon or device that involves or produces a nuclear reaction, nuclear radiation or radioactive contamination;

    **2.** Radioactive material is released, and it appears that one purpose of the terrorism was to release such material;

    **3.** The terrorism is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

    **4.** Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the terrorism was to release such materials.

**C.** Under **SECTION I - INSURING AGREEMENT, C. PASSENGER ACCIDENT** and **D. PREMISES MEDICAL PAYMENTS** the following is added:

This insurance does not apply under coverage C or Coverage D to bodily injury or death caused directly or indirectly by terrorism, including action in hindering or defending against an actual or expected incident of terrorism. All bodily injury or death is excluded regardless of any other cause or event that contributes concurrently or in any sequence to such injury or death. This exclusion applies only when one or more of the following are attributed to an incident of terrorism:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright ISO Properties, Inc., 2004

Page 1 of 2

1. The terrorism is carried out by means of the dispersal or application of radioactive material, or through the use of a nuclear weapon or device that involves or produces a nuclear reaction, nuclear radiation or radioactive contamination;

2. Radioactive material is released, and it appears that one purpose of the terrorism was to release such material;

3. The terrorism is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

4. Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the terrorism was to release such materials.

D. Multiple incidents of terrorism which occur within a 72-hour period and appear to be carried out in concert or to have a related purpose or common leadership will be deemed to be one incident, regardless of whether this endorsement was in effect during the entirety of that time period or not.

All other policy terms and conditions apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright ISO Properties, Inc., 2004

89725 (7-08)

# EXCLUSION OF NUCLEAR, BIOLOGICAL OR CHEMICAL TERRORISM
## Dealer's Blanket

It is agreed:

**A.** The following definition applies to this endorsement:

"**TERRORISM**" means activities against persons, organizations or property of any nature:

  **1.** That involve the following or preparation for the following:

   **a.** Use or threat of force or violence; or

   **b.** Commission or threat of a dangerous act; or

   **c.** Commission or threat of an act that interferes with or disrupts an electronic, communication, information, or mechanical system; and

  **2.** When one or both of the following applies:

   **a.** The effect is to intimidate or coerce a government or the civilian population or any segments thereof, or to disrupt any segment of the economy; or

   **b.** It appears that the intent is to intimidate or coerce a government or the civilian population, or to further political, ideological, religious, social or economic objectives or to express (or express opposition to) a philosophy or ideology.

**B.** Under **INSURING AGREEMENTS, IV EXCLUSIONS,** the following exclusion is added:

This policy does not cover loss of or damage to any automobile caused directly or indirectly by terrorism, including action in hindering or defending against an actual or expected incident of terrorism. Such loss is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage. This exclusion applies only when one or more of the following are attributed to an incident of terrorism:

  **1.** The terrorism is carried out by means of the dispersal or application of radioactive material, or through the use of a nuclear weapon or device that involves or produces a nuclear reaction, nuclear radiation or radioactive contamination;

  **2.** Radioactive material is released, and it appears that one purpose of the terrorism was to release such material;

  **3.** The terrorism is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

  **4.** Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the terrorism was to release such materials.

Multiple incidents of terrorism which occur within a 72-hour period and appear to be carried out in concert or to have a related purpose or common leadership will be deemed to be one incident, regardless of whether this endorsement was in effect during the entirety of that time period or not.

All other policy terms and conditions apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright ISO Properties, Inc., 2004

89767 (11-04)

**South Carolina**

# POLICY CANCELLATION AND NONRENEWAL
**Dealer's Blanket**

It is agreed:

**1.** Under **SECTION III - GENERAL CONDITIONS**, the following condition is added:

**CANCELLATION**

**a.** **You** may cancel this policy by returning it to **us** or by giving **us** written notice of the future date at which **you** wish the cancellation to take effect.

**b.** **We** may cancel this policy by mailing or delivering written notice stating the reason for cancellation to **you** at the address shown in the Declarations. This notice shall be mailed or delivered:

    **(1)** at least 10 days prior to the effective date when cancellation is for nonpayment of premium; or

    **(2)** at least 30 days prior to the effective date when cancellation is for other than non-payment of premium. However, if this policy has been in effect for 90 days or more, **we** may cancel for only one or more of the following reasons:

        **(a)** material misrepresentation of fact which, if known to **us**, would have caused **us** not to issue the policy;

        **(b)** substantial change in the risk insured, except to the extent that **we** should reasonably have foreseen the change or contemplated the risk in writing the policy;

        **(c)** substantial breaches of contractual duties, conditions or warranties by you; or

        **(d)** loss of **our** reinsurance covering all or a significant portion of the particular policy insured or where continuation of the policy would imperil **our** solvency or place us in violation of the insurance laws of South Carolina.

**2.** Under **SECTION III - GENERAL CONDITIONS**, the following condition is added:

**NONRENEWAL**

If **we** decide not to renew this policy, **we** will mail or deliver written notice stating the reason for nonrenewal to **you** at the address shown in the Declarations. This notice shall be mailed or delivered at least 30 days prior to the expiration of this policy.

All other policy terms and conditions apply.

89791 (9-05)

# DEALER'S PLUS COVERAGE PACKAGE
## Garage Liability

It is agreed:

Garage Liability Coverage is amended to include the following:

## A. INSURANCE AGENTS ERRORS AND OMISSIONS LIABILITY COVERAGE

### 1. Coverage

**We** will pay all sums which **you** shall become legally obligated to pay as damages because of errors or omissions that occur in the policy term and in **your** conduct as an automobile physical damage, credit disability income and/or credit life **insurance agent**. This coverage applies only with respect to Automobile Physical Damage, Credit Disability Income and/or Credit Life insurance placed by **you** covering **autos** purchased from **you** in the conduct of **your** business.

### 2. Exclusions

This insurance does not apply to any liability for any claim or **suit** arising out of any:

a. **Bodily injury** or **property damage**.

b. Libel, slander or any other violation of the right of privacy.

c. Alleged dishonest, fraudulent, criminal, malicious or intentional act committed by an **insured**, or other party in interest acting alone or in collusion with others.

d. Warranty of fitness of any Automobile Physical Damage, Credit Disability Income and/or Credit Life contract or agreement.

e. Claim or **suit** by any

(1) Person who is an **insured**.

(2) Entity wholly or partly owned, operated controlled or managed by an **insured**, or

(3) Entity which owns operates, controls or manages an **insured**.

f. Alleged violation of any federal, state, or municipal law, regulation, ordinance or code.

g. Any extended warranty, extended service agreement or mechanical breakdown agreement.

h. Liability of others assumed by an **insured** under a contract or agreement.

i. Liability of an **insurance agent** to indemnify an insurer who is otherwise responsible to pay benefits.

### 3. Definition

**Insurance Agent** shall mean a person or organization licensed as an agent or broker in the jurisdictions in which **you** sell or service insurance and is any **employee** of **yours**.

### 4. Limit of Insurance

**Our** limit of insurance under this coverage shall not exceed the Limit of Insurance shown in the Declarations for Insurance Agents E & O. **Our** limit of insurance for all errors and omissions in any one policy term shall not exceed $300,000 in the aggregate.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

Page 1 of 3

**B. SECURITY INTEREST ERRORS AND OMISSIONS LIABILITY COVERAGE**

**1. Coverage**

If after **you** have sold an **auto** during the policy term and:

a. **You** are responsible for but fail to properly record the security interest of the legal owner or lienholder in motor vehicle title papers; and

b. The purchaser sells the **auto** or transfers the title with knowledge of but without regards to those interests; and

c. The legal owner or lienholder sustains a loss for which they make claim against **you**

**we** will pay the lesser of the actual cash value of the **auto** or the outstanding lien balance which **you** are legally obligated to pay as damages to the legal owner or lienholder.

**2. Exclusions**

This insurance does not apply to any liability for any claim or **suit** arising out of any:

a. **Bodily injury** or **property damage**.

b. Alleged dishonest, fraudulent, criminal, malicious or intentional act committed by **you** or at **your** direction or consent, whether acting alone or in collusion with others.

c. Liability of others assumed by an **insured** under any contract of agreement.

**3. Limit of Insurance**

**Our** limit of insurance under this coverage shall not exceed the Limit of Insurance shown in the Declarations for Security Interest E & O. **Our** limit of insurance for all errors and omissions in any one policy term shall not exceed $300,000 in the aggregate.

**C. TRUTH IN LENDING ERRORS AND OMISSIONS LIABILITY COVERAGE**

**1. Coverage**

**We** will pay damages for which **you** shall become legally obligated to pay **your** customer (borrower) if **you** make an error or omission in completing the loan documents and:

a. The loan is for the purchase of an **auto** from **you** during the policy period; and

b. The customer (borrower) becomes obligated to the lender for a longer term or increased periodic monthly liability as a direct result of that error or omission; and

c. That error or omission is in violation of any federal or state truth-in-lending statute.

**2. Exclusions**

This insurance does not apply to any liability for any claim or **suit** arising out of any:

a. **Bodily injury** or **property damage**.

b. Alleged dishonest, fraudulent, criminal, malicious or intentional act or acts committed by **you** or at **your** direction or consent, whether acting alone or in collusion with others.

c. Liability of others assumed by an **insured** under any contract or agreement.

d. Fines, penalties, and/or attorney's fees imposed under any federal or state statute.

**3. Limit of Insurance**

**Our** limit of insurance under this coverage shall not exceed the Limit of Insurance shown in the Declarations for Truth in Lending E & O. **Our** limit of insurance for all errors and omissions in any one policy term shall not exceed $300,000 in the aggregate.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

**D. ODOMETER AND PRIOR DAMAGE DISCLOSURE STATUTES ERRORS AND OMISSIONS DEFENSE COVERAGE**

**1. Defense Coverage**

**We** shall have the right and duty to defend with counsel of **our** choice any private civil **suit** against **you** for damages sustained as a result of an alleged violation of:

a. Any federal, state or local statute which pertains to odometer readings;

b. Any federal, state or local statute which pertains to disclosure of prior damage

occurring during the policy term.

This is a defense coverage only.

**2. Exclusions**

This insurance does not apply to:

a. Any **suit** when **you** acknowledge a violation of the statute.

b. Any sums which **you** shall become legally obligated to pay as damages by reason of liability under such statute and/or any other sums which may be assessed against **you** under such statute and/or any settlement payments.

c. Defense costs after the date on which **you** are found legally liable under such stat-ute. This exclusion includes any costs associated with an appeal.

d. Any **suit** against **you** alleging violation of common law or any state or municipal statute or regulation governing odometer requirements.

**3. Limit of Insurance**

**Our** limit for expenses incurred in defense of any claim under this coverage shall not exceed the Limit shown in the Declarations for Odometer & Prior Dmg Def. **Our** limit of insurance for all defense action in any one policy term shall not exceed $300,000 in the aggregate.

**E. SUPPLEMENTARY PAYMENTS**

The Supplementary Payments provision of the policy is applicable to this insurance except with respect to bail bonds.

**F. DEDUCTIBLE**

**1.** **Our** obligation to pay damages on **your** behalf applies only to the amount of damages in excess of the deductible amount shown in the Declarations.

**2.** To settle a claim or **suit**, **we** may pay all or any part of the deductible. If this happens, **you** must reimburse **us** for the deductible or that portion that **we** pay.

All other policy terms and conditions apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

89819 (9-05)

**South Carolina**
# POLICY CANCELLATION AND NONRENEWAL
**Garage Liability**

It is agreed:

1. Under **SECTION VII - GENERAL CONDITIONS**, the following condition is added:

   **CANCELLATION**

   **a.** **You** may cancel this policy by returning it to **us** or by giving **us** written notice of the future date at which **you** wish the cancellation to take effect.

   **b.** **We** may cancel this policy by mailing or delivering written notice stating the reason for cancellation to **you** at the address shown in the Declarations. This notice shall be mailed or delivered:

   **(1)** at least 10 days prior to the effective date when cancellation is for nonpayment of premium; or

   **(2)** at least 30 days prior to the effective date when cancellation is for other than nonpayment of premium. However, if this policy has been in effect for 90 days or more, **we** may cancel for only one or more of the following reasons:

   **(a)** material misrepresentation of fact which, if known to **us**, would have caused **us** not to issue the policy;

   **(b)** substantial change in the risk insured, except to the extent that **we** should reasonably have foreseen the change or contemplated the risk in writing the policy;

   **(c)** substantial breaches of contractual duties, conditions or warranties by you; or

   **(d)** loss of **our** reinsurance covering all or a significant portion of the particular policy insured or where continuation of the policy would imperil **our** solvency or place us in violation of the insurance laws of South Carolina.

2. Under **SECTION VII - GENERAL CONDITIONS**, the following condition is added:

   **NONRENEWAL**

   If **we** decide not to renew this policy, **we** will mail or deliver written notice stating the reason for nonrenewal to **you** at the address shown in the Declarations. This notice shall be mailed or delivered at least 30 days prior to the expiration of this policy.

   All other policy terms and conditions apply.

Includes copyrighted material of Insurance Services Offices, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

89835 (9-05)

**South Carolina**

# UNINSURED MOTORIST COVERAGE - COMBINED LIMIT OF INSURANCE
**Garage Liability**

It is agreed:

## 1. DEFINITIONS

a. The following definitions apply only to this coverage and are in addition to those contained in **SECTION I - DEFINITIONS** of the policy.

(1) **Occupying** means being in or on an **auto** as a passenger or operator, or being engaged in the immediate acts of entering, boarding or alighting from an **auto**.

(2) **Uninsured auto** means an **auto**:

(a) To which no **bodily injury** and **property damage** liability insurance policy applies:

1) At the time of the **occurrence**; or

2) In at least the minimum amounts required by South Carolina Motor Vehicle Financial Responsibility Act.

(b) For which there is no bond or deposit of cash or securities in lieu of **bodily injury** and **property damage** liability insurance policy.

(c) Insured by a company that is declared insolvent, or is in delinquency proceedings, suspension, or receivership or is proven unable fully to respond to a judgment.

(d) Insured by a company that has successfully issued a denial of coverage.

(e) That is a hit and run **auto**. By this **we** mean an **auto** whose owner or operator is unknown:

1) Which causes **bodily injury** by actual physical contact with the injured person or the **auto** the injured person is **occupying**; or

2) Which causes **property damage** by actual physical contact with property of **yours** or a **relative**.

Actual physical contact is not necessary if the **occurrence** was witnessed by a person other than the owner or operator of the insured **auto** and such person signs an affidavit attesting to the truth of the facts of the **occurrence** contained in the affidavit.

An **occurrence** involving a hit and run **auto** must be reported to the appropriate police authority within a reasonable time after the **occurrence**. **You** must not be negligent in failing to determine the identity of the other **auto** and the operator of that **auto** at the time of the **occurrence**.

**Uninsured auto** does not include any **auto**:

(a) Owned or leased by, furnished to or available for regular use of **you** or anyone living with **you**;

(b) Owned by the state of South Carolina or any of its political subdivisions when operated by a person with proper authorization;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

(c) Operated on rails or crawler treads;

(d) Located for use as a residence or premises;

(e) That is designed mainly for use off public roads except while actually on public roads; or

(f) That is an underinsured auto. An underinsured **auto** is an **auto** to which a liability bond or a liability insurance policy applies at the time of the **occurrence**:

　　1) With limits of insurance at least equal to or greater than the limits required by the South Carolina Motor Vehicle Financial Responsibility Act; and

　　2) Such limits of insurance are less than the amount of damages the injured person is legally entitled to recover for **bodily injury** or **property damage**.

**b.** For this coverage only, the definition of **auto** contained in **SECTION I - DEFINITIONS** of the policy is deleted and replaced by the following:

　**Auto** means a **trailer** or land motor vehicle.

## 2. COVERAGE

**a.** **We** will pay damages any person is legally entitled to recover from the owner or operator of an **uninsured auto** for:

　(1) **Bodily injury** sustained while **occupying** an **auto** that is covered by **SECTION II - COVERAGE** of the policy; and

　(2) **Property damage** to **your auto** and to property of **yours** or a **relative**.

**b.** If the first Named **Insured** in the Declarations is an individual, this coverage is extended as follows:

　(1) **We** will pay compensatory damages **you** are legally entitled to recover from the owner or operator of any **uninsured auto** for **bodily injury you** sustain:

　　(a) When **you** are not **occupying** an **auto** that is covered by **SECTION II - COVERAGE** of the policy; or

　　(b) When **occupying** an **auto you** do not own which is not covered by **SECTION II - COVERAGE** of the policy.

　(2) The coverage extended in **2.b.(1)** above is also afforded to a **relative** who does not own an **auto**.

**c.** The **bodily injury** and **property damage** must be accidental and arise out of the ownership, maintenance or use of the **uninsured auto**.

**d.** Whether an injured person is legally entitled to recover damages and the amount of the damages shall be determined by agreement between the injured person and **us**. **We** will not be bound by any judgments for damages obtained or settlements made without **our** written consent.

## 3. EXCLUSIONS

Uninsured Motorist Coverage does not apply:

**a.** To any person injured while **occupying** or injured by any **auto** which is owned or leased by such person injured if such **auto**:

　(1) Is designed primarily for use on public roads;

　(2) Is required to be registered and licensed prior to its use on public roads; and

　(3) Is not insured for Underinsured Motorist Coverage by the policy.

**b.** To any person who settles the **bodily injury** or **property damage** claim without **our** written consent.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

**c.** To directly or indirectly benefit an insurer or self-insurer under any workers compensation, disability benefits or similar law.

**d.** To the first $200 of the total amount of all **property damage** in any one **occurrence**.

**e.** To directly or indirectly benefit any insurer of property.

**f.** To damage to property for which the owner has been compensated by other property or physical damage insurance.

## 4. LIMIT OF INSURANCE

**a.** The Limit of Insurance shown in the Declarations for Uninsured Motorist Coverage - Combined Limit is the amount of coverage and the most **we** will pay for all damages because of or arising out of all **bodily injury** and all **property damage** in any one **occurrence**.

However, if the first Named **Insured** in the Declarations is an individual and the policy insures more than one **auto** for this coverage, **our** limit of insurance for injury to only **you** and **your relative** is as follows:

**(1)** If **you** or a **relative** is injured while **occupying your auto**, the Limit of Insurance shall be the sum of the Limit of Insurance applying to such **auto** and that portion of the Limit of Insurance that applies to each additional **auto** that does not exceed the limit required by the South Carolina Motor Vehicle Financial Responsibility Act.

**(2)** If **you** or a **relative** is injured while not **occupying** an **auto**, the limit of insurance shall be the sum of the highest limit of insurance applicable to any one **auto** and that portion of the limit of insurance that applies to each additional **auto** that does not exceed the limit required by the South Carolina Motor Vehicle Financial Responsibility Act.

**(3)** If **you** or a **relative** is injured while **occupying** an **auto** not owned by **you** or a **relative** the limit of insurance shall be the highest limit of insurance applicable to any one **auto**.

**b.** No Limit of Insurance is increased because of the number of:

**(1)** **Autos** shown in the Declarations, except as provided in **4.a.** above;

**(2)** Premiums charged in the Declarations;

**(3)** Claims made or **suits** brought;

**(4)** Persons injured; or

**(5)** **Autos** involved in the **occurrence**.

**c.** The amount **we** pay will not duplicate any amounts paid or payable for the same **bodily injury**:

**(1)** Under **SECTION II - COVERAGE** of the policy.

**(2)** Under any workers compensation, disability benefits or similar law; or

**(3)** By or on behalf of any person or organization who may be legally responsible for the **bodily injury**.

**d.** With respect to any limit shown in the Declarations that exceeds the limit required by the South Carolina Motor Vehicle Financial Responsibility Act, the injured person is protected only to the extent such limit:

**(1)** Applies to the auto involved in the **occurrence**; or

**(2)** Applies to any one **auto**, if none of them were involved in the **occurrence**.

## 5. OTHER UNINSURED MOTORIST COVERAGE

**a.** If this coverage and other uninsured motorist coverage applies on a primary basis, **we** will pay **our** share. **Our** share will be the ratio of **our** limit of insurance to the total of all limits which apply on a primary basis.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

**b.** If this coverage and other uninsured motorist coverage applies on an excess basis, **we** will pay **our** share. **Our** share shall be the ratio of **our** limit of insurance to the total of all limits which apply on an excess basis.

**c.** The coverage applicable to **autos you** do not own shall apply as excess over any other coverage that applies. If there is other coverage, such coverage shall first be exhausted. Total damages payable shall not exceed the limit of insurance of the applicable policy with the highest limit.

## 6. CONDITIONS

The following conditions apply in addition to those contained in **SECTION VII - GENERAL CONDITIONS** of the policy.

**a. TIME LIMITATION FOR ACTIONS AGAINST US**

Any person seeking Uninsured Motorist Coverage must:

**(1)** Present a claim for damages according to the terms and conditions of the policy; and

**(2)** Conform with any applicable statute of limitations applying to **bodily injury** claims in the state in which the accident occurred.

**b. ARBITRATION**

**(1)** If **we** and a person entitled to Uninsured Motorist Coverage under this endorsement do not agree:

**(a)** That the person is entitled to recover damages; or

**(b)** To the amount of those damages

the matter may be arbitrated provided both **we** and the injured person agree to arbitration. If so, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that a judge of a court having jurisdiction make the selection.

**(2)** Each party will pay its own arbitrator and share equally all other expenses of arbitration.

**(3)** Arbitration will take place in the county and state in which the person entitled to coverage lives. Local rules of procedure and evidence will apply.

**(4)** A decision by any two of the arbitrators will be binding and may be enforced by either party in a court of competent jurisdiction.

All other policy terms and conditions apply

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

89852 (9-05)

**South Carolina**

# UNDERINSURED MOTORIST COVERAGE - COMBINED LIMIT OF INSURANCE
Garage Liability

It is agreed:

## 1. DEFINITIONS

**a.** The following definitions apply only to this coverage and are in addition to those contained in **SECTION I - DEFINITIONS** of the policy.

**(1) Occupying** means being in or on an **auto** as a passenger or operator, or being engaged in the immediate acts of entering, boarding or alighting from an **auto**.

**(2) Underinsured auto** means an **auto** to which a liability bond or liability insurance policy applies at the time of the **occurrence**:

**(a)** With limits of liability at least equal to or greater than the limits required by the South Carolina Motor Vehicle Financial Responsibility Act; and

**(b)** Such limits of liability are less than the amount of damages the injured person is legally entitled to recover for **bodily injury** or **property damage**.

**Underinsured auto** does not include an **auto**:

**(a)** Owned or leased by or furnished to or available for regular use of **you** or anyone living with **you**;

**(b)** Owned by the state of South Carolina or any of its political subdivisions when operated by a person with proper authorization;

**(c)** Operated on rails or crawler treads;

**(d)** Located for use as a residence or premises;

**(e)** That is designed mainly for use off public roads except while actually on public roads; or

**(f)** That is an uninsured **auto**. By this **we** mean an **auto**:

1) To which no **bodily injury** or **property damage** liability insurance policy applies:

a) At the time of the **occurrence**; or

b) In at least the minimum amounts required by South Carolina Motor Vehicle Responsibility Act.

2) For which there is no bond or deposit of cash or securities in lieu of **bodily injury** and **property damage** liability insurance policy.

3) Insured by a company that is declared insolvent, or is in delinquency proceedings, suspension, or receivership or is proven unable fully to respond to a judgment.

4) Insured by a company that has successfully issued a denial of coverage.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

Page 1 of 4

5) That is a hit and run **auto**. By this **we** mean an **auto** whose owner or operator is unknown:

   a) Which causes **bodily injury** by actual physical contact with the injured person or the **auto** the injured person is **occupying**; or

   b) Which causes **property damage** by actual physical contact with property of **yours** or a **relative**.

   Actual physical contact is not necessary if the **occurrence** was witnessed by a person other than the owner or operator of the insured **auto** and such person signs an affidavit attesting to the truth of the facts of the **occurrence** contained in the affidavit.

**b.** For this coverage only, the definition of **auto** contained in **SECTION I - DEFINITIONS** of the policy is deleted and replaced by the following:

   **Auto** means a **trailer** or land motor vehicle.

**2. COVERAGE**

**a.** **We** will pay damages any person is legally entitled to recover from the owner or operator of an **underinsured auto** for:

   **(1) Bodily injury** sustained while **occupying** an **auto** which is covered by **SECTION II - COVERAGE** of the policy; and

   **(2) Property damage** to **your auto** and to property of **yours** or a **relative**.

**b.** If the first Named **Insured** in the Declarations is an individual, this coverage is extented as follows:

   **(1) We** will pay compensatory damages **you** are legally entitled to recover from the owner or operator of any **underinsured auto** for **bodily injury you** sustain:

      **(a)** When **you** are not **occupying** an **auto** that is covered by **SECTION II - COVERAGE** of the policy; or

      **(b)** When **occupying** an **auto you** do not own which is not covered by **SECTION II - COVERAGE** of the policy.

   **(2)** The coverage extended in **2.b.(1)** above is also afforded to a **relative** who does not own an **auto**.

**c.** The **bodily injury** and **property damage** must be accidental and arise out of the ownership, maintenance or use of the **underinsured auto**.

**d.** Whether an injured person is legally entitled to recover damages and the amount of the damages shall be determined by agreement between the injured person and **us**.

**3. EXCLUSIONS**

Underinsured Motorist Coverage does not apply:

**a.** To any person injured while **occupying** or injured by any **auto** which is owned or leased by such person injured if such **auto**:

   **(1)** Is designed primarily for use on public roads;

   **(2)** Is required to be registered and licensed prior to its use on public roads; and

   **(3)** Is not insured for Underinsured Motorist Coverage by the policy.

**b.** To directly or indirectly benefit an insurer or self-insurer under any workers compensation law.

**c.** To directly or indirectly benefit any insurer of property.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

**d.** To damage to property for which the owner has been compensated by other property or physical damage insurance.

**e.** To the first $200 of the amount of all **property damage** in any one **occurrence**.

**4. LIMIT OF INSURANCE**

**a.** **Our** limit of insurance for Underinsured Motorist Coverage - Combined Limit shall not exceed the lowest of the following:

    **(1)** The amount by which the damages for **bodily injury** or **property damage** exceed the total limits of all liability bonds and liability insurance policies available to the owner or operator of the **underinsured auto** at the time of the **occurrence**; or

    **(2)** The Limit of Insurance shown in the Declarations for Underinsured Motorist Coverage - Combined Limit. The Limit of Insurance is the amount of coverage and the most **we** will pay for all damages because of or arising out of all **bodily injury** and all **property damage** in any one **occurrence**.

    However, if the first Named **Insured** in the Declarations is an individual and the policy insures more than one **auto** for this coverage, **our** limit of insurance for injury to only **you** and **your relative** is as follows:

    **(a)** If **you** or a **relative** is injured while **occupying** your auto, the limit of insurance shall be the sum of the limit of insurance applying to such **auto** and that portion of the limit of insurance that applies to each additional **auto** that does not exceed the limit required by the South Carolina Motor Vehicle Financial Responsibility Act.

    **(b)** If **you** or a **relative** is injured while not **occupying** an **auto**, the limit of insurance shall be the sum of the highest limit of insurance applicable to any one **auto** and that portion of the limit

of insurance that applies to each additional **auto** that does not exceed the limit required by the South Carolina Motor Vehicle Financial Responsibility Act.

    **(c)** If **you** or a **relative** is injured while **occupying** an **auto** not owned by **you** or a **relative** the limit of insurance shall be the highest limit of insurance applicable to any one **auto**.

**b.** No Limit of Insurance is increased because of the number of:

    **(1)** **Autos** shown in the Declarations, except as provided in **4.a.** above;

    **(2)** Premiums charged in the Declarations.

    **(3)** Claims made or **suits** brought;

    **(4)** Person injured; or

    **(5)** **Autos** involved in the **occurrence**.

**c.** The amount **we** pay will not duplicate any amounts paid or payable for the same **bodily injury**:

    **(1)** Under **SECTION II - COVERAGE** of the policy;

    **(2)** Under any workers compensation, disability benefits or similar law; or

    **(3)** By or on behalf of any person or organization who may be legally responsible for the **bodily injury**.

**d.** With respect to any limit shown in the Declarations that exceeds the limit required by the South Carolina Motor Vehicle Financial Responsibility Act, the injured person is protected only to the extent such limit:

    **(1)** Applies to the auto involved in the **occurrence**; or

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

**(2)** Applies to any one **auto**, if none of them were involved in the **occurrence**.

## 5. OTHER UNDERINSURED MOTORIST COVERAGE

**a.** If this coverage and other underinsured motorist coverage applies on a primary basis, **we** will pay **our** share. **Our** share shall be the ratio of **our** limit of insurance to the total of all limits which apply on a primary basis.

**b.** If this coverage and other underinsured motorist coverage applies on an excess basis, **we** will pay **our** share. **Our** share shall be the ratio of **our** limit of insurance to the total of all limits which apply on an excess basis.

**c.** The coverage applicable to **autos you** do not own shall apply as excess over any other coverage that applies. If there is other coverage, such coverage shall first be exhausted. Total damages payable shall not exceed the limit of insurance of the applicable policy with the highest limit.

## 6. CONDITIONS

The following conditions apply in addition to those contained in **SECTION VII - GENERAL CONDITIONS** of the policy.

**a. TIME LIMITATION FOR ACTIONS AGAINST US**

Any person seeking Underinsured Motorist Coverage must:

**(1)** Present a claim for damages according to the terms and conditions of the policy; and

**(2)** Conform with any applicable statute of limitations applying to **bodily injury** claims in the state in which the accident occurred.

**b. ARBITRATION**

**(1)** If **we** and a person entitled to Underinsured Motorist Coverage under this endorsement do not agree:

**(a)** That the person is entitled to recover damages; or

**(b)** To the amount of those damages

the matter may be arbitrated provided both **we** and the injured person agree to arbitration. If so, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that a judge of a court having jurisdiction make the selection.

**(2)** Each party will pay its own arbitrator and share equally all other expenses of arbitration.

**(3)** Arbitration will take place in the county and state in which the person entitled to coverage lives. Local rules of procedure and evidence will apply.

**(4)** A decision by any two of the arbitrators will be binding and may be enforced by either party in a court of competent jurisdiction.

All other policy terms and conditions apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

89895 (9-05)

# GARAGE LIABILITY COVERAGE PACKAGE
## Garage Liability

It is agreed:

1. **SECTION II - COVERAGE, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is amended as follows:

    a. Under **1. COVERAGE**, the following provisions are added:

    **BROAD FORM PRODUCTS**

    **We** will pay those sums that **you** become legally obligated to pay as damages because of **property damage** to **your** products arising out of it or any part of it.

    **BROAD FORM COMPLETED OPERATIONS**

    **We** will pay those sums that **you** become legally obligated to pay as damages because of **property damage** to **your** work arising out of it or any part of it and included in the **products-completed operations hazard**.

    b. Under **2. EXCLUSIONS, b. Bodily Injury And Property Damage Liability (Other Than Auto)**, the following exclusions **(5)** and **(6)** are deleted.

2. Under **SECTION IV - LIMITS OF INSURANCE**, the following is added:

    The limit of **our** liability under the above coverages shall not exceed the Limit of Insurance per occurrence shown in the Declarations for BROAD FORM PRODUCTS COVERAGE AND BROAD FORM COMPLETED OPERATIONS COVERAGE.

All other policy terms and conditions apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

89898 (5-09)

# GARAGEKEEPERS COVERAGE
## Garage Liability

It is agreed:

**A.** The following coverage is added to **SECTION II - COVERAGE**:

**GARAGEKEEPERS COVERAGE**

### 1. COVERAGE

**We** shall pay for direct physical loss of or direct physical damage to an **auto**, **farm implement**, **mobile equipment** or **watercraft** not owned, leased or rented by **you**, caused by a peril insured against, when such **auto**, **farm implement**, **mobile equipment**, **watercraft** or their equipment is in **your** care, custody or control for storage, service or repair:

**a.** At a location shown in the Declarations;

**b.** While temporarily removed from **premises** shown in the Declarations in the ordinary course of **your garage business**; or

**c.** Elsewhere if **you** are attending such **auto**, **farm implement**, **mobile equipment**, **watercraft** or their equipment.

**We** shall pay for direct physical loss of or direct physical damage to an **auto**, **farm implement**, **mobile equipment** or **watercraft** not owned, leased or rented by **you**, resulting from the following perils only when such peril(s) are shown in the Declarations:

**a. Named Perils**

Named perils consists of only the following perils:

**(1)** Fire or lightning;

**(2)** Explosion;

**(3)** Theft of the entire **auto, farm implement, mobile equipment** or **watercraft**;

**(4)** Riot or civil commotion; and

**(5)** Vandalism or malicious mischief.

**b. Comprehensive**

Comprehensive includes:

**(1)** All perils except upset or collision with another object or with a vehicle to which it is attached;

**(2)** Glass breakage from any cause including upset or collision; and

**(3)** Direct physical damage caused by:

**(a)** Missiles or falling objects; or

**(b)** Collision with an animal or bird.

**c. Collision**

Collision includes:

**(1)** Accidental collision with another vehicle or object or accidental upset; and

**(2)** When this insurance does not provide Named Perils or Comprehensive coverage, colliding with an animal or bird shall be considered collision with another object.

### 2. EXCLUSIONS

This insurance does not apply to:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

a. **Your** liability under any agreement assuming any responsibility for loss or damage.

b. Direct physical loss of or direct physical damage to any **auto**, **farm implement**, **mobile equipment**, **watercraft** or their equipment:

(1) Owned by any **insured**; or

(2) Held by **you** for sale.

This exclusion shall not apply to direct physical loss of or direct physical damage to any **auto**, **farm implement**, **mobile equipment**, **watercraft** or their equipment owned by **your employee** or a member of such **employee's** household who pays for the storage, service or repair covered by this endorsement.

c. Defective parts or materials furnished or faulty work performed on any **auto**, **farm implement**, **mobile equipment**, **watercraft** or their equipment.

d. Any citizens band radio, mobile telephone, cellular telephone, television, stereo, video cassette player, digital video disc player, audio cassette player, compact disc player, radio or similar device used for the sending, receiving or reproducing communications or sound, including related items, unless permanently installed in the **auto**, **farm implement**, **mobile equipment** or **watercraft**.

e. Any global positioning system, including related items, unless permanently installed in the **auto**, **farm implement**, **mobile equipment** or **watercraft**.

f. Loss or damage because of or arising out of the intentional act of any person. This exclusion shall not apply to **you** for acts committed by any other person or organization without **your** knowledge or direction.

g. Loss or damage while in a building on any **premises** occupied by **you** as a factory or assembly plant. This exclusion does not apply to salesrooms, service stations or garages.

h. Loss, however caused, arising directly or indirectly from:

(1) War, including any undeclared war or civil war;

(2) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these; or

(3) Warlike action by a military force, including action in hindering or defending against an actual or expected attack by any government, sovereign or other authority using military personnel or other agents.

i. Loss to any **auto**, **farm implement**, **mobile equipment** or **watercraft** while:

(1) Preparing for;

(2) Practicing for; or

(3) Participating in

any prearranged racing, speed, stunting activity, pulling contest or demolition contest.

j. **Your** failure, directly or indirectly, to protect covered property from other or additional loss or damage.

k. Under Named Perils, loss to covered property which results from collision or upset of the **auto** on which it is being transported.

l. Under Comprehensive coverage:

(1) Loss or damage resulting from:

(a) Wear and tear;

**(b)** Freezing;

**(c)** Mechanical breakdowns; or

**(d)** Electrical breakdown, other than burning of wiring.

**We** will cover such loss or damage if caused by other loss or damage covered by this insurance.

**(2)** Loss or damage to tires. **We** will cover loss or damage to tires if:

    **(a)** Caused by fire;

    **(b)** Malicious mischief and vandalism;

    **(c)** Theft; or

    **(d)** It is coincident with other loss or damage covered by this insurance.

**(3)** Loss or damage resulting from nuclear action meaning nuclear reaction, radiation, radioactive contamination, discharge of a nuclear weapon, however caused and whether controlled or uncontrolled, or any consequence of any of these. **We** will cover direct loss resulting from fire if caused by any of these, if fire is covered elsewhere in this insurance.

**(4)** Loss or damage to headlights. **We** will cover loss or damage to headlights if coincident with other loss or damage covered by this insurance.

**3. OPTIONAL COVERAGES**

When shown in the Declarations and a premium charged, the following coverages shall apply:

    **a. Customer's Personal Property Coverage**

        **We** will extend the Comprehensive Coverage and the Collision Coverage that apply to **your garage customer's auto, farm implement, mobile equipment** or **watercraft**

to loss or damage to the **garage customer's** personal property contained in or on **your garage customer's auto, farm implement, mobile equipment** or **watercraft**. This coverage extension is subject to the following:

**(1)** The personal property must be owned by **your garage customer**.

**(2)** Comprehensive Coverage is extended only for loss or damage because of:

    **(a)** Fire;

    **(b)** Lightning; or

    **(c)** Theft or attempted theft.

Unless the entire **auto, farm implement, mobile equipment** or **watercraft** is stolen, there must be visible signs of someone breaking into the **auto, farm implement, mobile equipment** or **watercraft** for (2)(c) above to apply.

**(3)** This coverage extension does not apply to:

    **(a)** Money or securities.

    **(b)** Jewelry.

    **(c)** Fine arts.

**(4)** **Our** limit of liability for all loss or damage in any one **occurrence** under this coverage extension shall not exceed the amount of such loss or damage or $1,000, whichever is less.

    **b. Replacement And Repairs At Retail Cost**

        In the event of direct physical loss of or direct physical damage to an **auto, farm implement, mobile equipment** or **watercraft** to which GARAGEKEEPERS COVERAGE applies, **you** must, if **we** request:

        **(1)** Replace the covered property; or

(2) Furnish the labor and materials necessary for repairs to such covered property.

**We** shall then pay **you** the retail value for the replaced property or furnished labor and materials.

**c. Labor And Materials**

If an **auto, farm implement, mobile equipment** or **watercraft** sustains direct physical loss of or direct physical damage to which GARAGEKEEPERS COVERAGE applies, **we** shall pay **you** the retail value of:

(1) Labor;

(2) Materials; and

(3) Other charges

performed, furnished or incurred by **you** with respect to such **auto, farm implement, mobile equipment** or **watercraft**, provided such:

(1) Labor;

(2) Materials; and

(3) Other charges

were performed, furnished or incurred prior to the direct physical loss or direct physical damage.

**B.** The following is added to **SECTION IV - LIMITS OF INSURANCE** with respect to this coverage only:

1. When GARAGEKEEPERS LEGAL LIABILITY is shown in the Declarations, **we** shall pay up to the limit of insurance shown in the Declarations for which **you** become legally obligated to pay as damages.

2. When GARAGEKEEPERS DIRECT EXCESS COVERAGE is shown in the Declarations, **we** shall pay up to the limit of insurance shown in the Declarations for which **you** become legally obligated to pay as damages. However, if **you** are not legally obligated to pay, this coverage shall be excess of any other insurance available to the owner or lessee of such **auto, farm implement, mobile equipment** or **watercraft**.

3. When GARAGEKEEPERS DIRECT PRIMARY COVERAGE is shown in the Declarations, **we** shall pay up to the limit of insurance shown in the Declarations for which **you** become obligated to pay as damages:

a. Without regard to **your** legal liability; and

b. Without regard to any other insurance available to the owner or lessee of such **auto, farm implement, mobile equipment** or **watercraft**.

4. The limit of insurance shown in the Declarations for this coverage is the most **we** shall pay for all claims of one or more persons in any one **occurrence** regardless of the number of:

a. **Autos, farm implements, mobile equipment** or their equipment to which this insurance applies;

b. **Watercraft** or their equipment to which this insurance applies;

c. Premiums charged in the Declarations or premiums paid;

d. Claims presented or **suits** brought; or

e. **Autos, farm implements, mobile equipment** or **watercraft** involved in the **occurrence**.

**C.** The following is added to **SECTION V - DEDUCTIBLE** with respect to this coverage only:

If a deductible is shown in the Declarations, this contract or in any attached form or endorsement, **we** have no obligation to pay damages until the amount of loss exceeds the applicable deductible. **We** shall then pay the amount of loss in excess of such deductible up to the corresponding limit of liability. If more than one coverage or deductible applies, the corresponding deductibles will be applied separately.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

However, with respect to loss or damage under NAMED PERILS or COMPREHENSIVE COVERAGE, the deductible shall apply to no more than four (4) **autos, farm implements, mobile equipment, watercraft** or their items of equipment in any one **occurrence**.

D. Under **SECTION VII - GENERAL CONDITIONS**, the following condition is added with respect to this coverage only:

**REPLACEMENT AND REPAIRS AT ACTUAL COST**

In the event of direct physical loss of or direct physical damage to an **auto, farm implement, mobile equipment** or **watercraft** to which GARAGEKEEPERS COVERAGE applies, **you** must, if we request:

1.  Replace the covered property; or

2.  Furnish the labor and materials necessary for repairs to such covered property.

**We** shall then pay **you** the actual cost for the replaced property or furnished labor and materials.

All other policy terms and conditions apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

89915 (9-05)

# FALSE PRETENSE COVERAGE WITH FLOOR PLAN
## Dealer's Blanket

It is agreed:

1. Under **DEFINITIONS**, the following definition is added as it applies to this coverage only:

   **Floor Plan** means the finance agreement used for the purchase of new **automobiles** by **you** thru either the **automobile** manufacturer's own finance company or **your** line of credit with any other lending institution.

2. **SECTION I - PHYSICAL DAMAGE** is amended as follows:

   a. Under **B. PERILS WE INSURE AGAINST**, the following provision is added:

      **False Pretense Coverage**

      **We** will pay for loss or damage to the **automobile** or **watercraft** that results from:

      (1) **your** voluntarily parting with the **automobile** or **watercraft** for which **you** had legal title or ownership, if induced to do so by any fraudulent scheme, trick, device or false pretense by someone other than **your** employee or an **insured**; or

      (2) **your** acquiring the **automobile** or **watercraft** from a seller who did not have legal title or ownership.

   b. Under **C. EXCLUSIONS**

      Exclusion 3. is deleted as it applies to this coverage only.

   c. Under **D. LIMITS OF INSURANCE**, the following provision is added as it applies to this coverage only:

      (1) Payment will be only for that amount of loss or damage in excess of the **actual cash value** of any property delivered to **you** in full or partial payment for the **automobile** or **watercraft**; and

   (2) In no event shall **we** pay more than the limit shown in the Declarations for this coverage.

3. **SECTION II - WHAT YOU MUST DO AFTER AN ACCIDENT OR LOSS**, is amended to include the following as it applies to this coverage only:

   a. If a covered loss occurs:

      (1) under 2.a.(1), **you** must:

         (a) as soon as practical after the loss, take all reasonable steps to have a warrant issued for the arrest of the person or persons perpetrating the loss; and

         (b) make every effort to recover the **automobile** or **watercraft** if it is located.

      (2) under 2.a.(2), **you** must as soon as practical after the loss, take all reasonable steps to have a warrant issued for the arrest of the person or persons perpetrating the loss.

   b. If a warrant is not issued, but **you** made all reasonable efforts to do so as required in 3.a.(1)(a) and 3.a.(2) above, this coverage is not invalidated.

4. Under **SECTION III - GENERAL CONDITIONS, I. RECOVERIES** is deleted and replaced by the following:

   I. **RECOVERIES**, applies to this coverage only.

      If the **automobile** or **watercraft** is recovered, the limit of **our** liability for loss or damage shall not exceed the actual cost and expense of recovering and returning the **automobile** or **watercraft** plus the cost of any necessary repairs.

All other policy terms and conditions apply.

Page 1 of 1

89956 (9-08)

# OTHER INSURANCE PROVISION AMENDMENT
## Garage Liability

It is agreed:

Under **SECTION VII - GENERAL CONDITIONS, E. OTHER INSURANCE**, condition **4.** is deleted and replaced with the following:

**4. a.** This insurance shall be with respect to any **auto** owned by **you** while in the care, custody or control of a **garage customer**:

    **(1)** Primary insurance up to the minimum amounts required by the Financial Responsibility Law in the state where such **auto** is normally garaged.

    **(2)** Excess insurance over any other collectible insurance that applies above the minimum amounts required by the Financial Responsibility Law in the state where such **auto** is normally garaged.

**b.** This insurance shall be with respect to any **auto** not subject to **4.a.** above:

    **(1)** Primary insurance for any **auto** owned by **you**.

    **(2)** Excess insurance over any other collectible insurance for any **auto you** do not own.

All other policy terms and conditions apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1984, 1985, 1987, 2002, 2004.

89974 (11-07)

# AMENDATORY ENDORSEMENT
### Dealer's Blanket

It is agreed:

1. Under **SECTION I - PHYSICAL DAMAGE, C. EXCLUSIONS**, exclusion **4.c.** is deleted.

2. Under **SECTION I - PHYSICAL DAMAGE, G. CONDITIONS, 7. OTHER INSURANCE**, the following condition is added:

Coverage shall be excess for loss, resulting from a covered peril, to any **automobile**, **watercraft** or camper body in the possession of another dealer or auction.  This provision shall not apply while the **automobile**, **watercraft** or camper body is in the possession of another dealer for repair.

All other policy terms and conditions apply.

Page 1 of 1

89976 (7-08)

# AMENDATORY ENDORSEMENT
## REPLACEMENT AND REPAIRS REIMBURSEMENT
### Dealer's Blanket

It is agreed:

Under **SECTION I - PHYSICAL DAMAGE, G. CONDITIONS, 3. REPLACEMENT AND REPAIRS REIMBURSEMENT** is deleted and replaced with the following:

3.  **REPLACEMENT AND REPAIRS REIMBURSEMENT**

    a.  In the event covered property is damaged to the extent that it is declared a total loss or a constructive total loss by **us**, the value of such covered property shall be determined as follows:

        (1) the acquisition costs, excluding transportation; plus

        (2) that portion of any cost of:

            (a) repairs performed prior to the loss; or

            (b) replacement of parts prior to the loss

            by **you**, to the extent such repairs or replacement of parts increased the value of the covered property.

The value of such covered property shall not include:

    (1) overhead, including but not limited to the interest on the floor plan charges; or

    (2) profit.

    b.  In the event of a partial loss or damage to covered property:

        (1) if the repairs are done by **you** in **your** facility, **we** shall pay **you** the retail price of the replaced property or furnished labor and materials multiplied by the percentage shown in the Declarations for REPLACEMENT AND REPAIRS REIMBURSEMENT; or

        (2) if the repairs are done by a facility other than **your** facility, **we** shall pay **you** the full retail price of the replaced or repaired property less the applicable deductible.

All other policy terms and conditions apply.

Page 1 of 1