IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Auto-Owners Insurance Company, | ) | Case No.: 4:12-cv-0447-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John Henry Newsome, III, and Yvonne | ) | |
| Robinson, Individually and as the Personal | ) | |
| Representative of the Estate of Deagose F. | ) | |
| Robinson, deceased, | ) | |
| | ) | **O R D E R** |
| Defendants. | ) | |
| | ) | |
| of whom | ) | |
| | ) | |
| John Newsome, III, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Automobile Dealers | ) | |
| Association Self Insured Fund and the | ) | |
| Randolph W. Hope Company, Inc., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

On July 12, 2012, the plaintiff, Auto-Owners Insurance Company (hereinafter "Auto-Owners") filed a Motion for Summary Judgment, ECF No. 24. Responses were filed on October 1, 2012 by defendant Yvonne Robinson and by defendant John H. Newsome, III. (ECF Numbers 34 and 35). On October 12, 2012, Auto-Owners filed a Reply. The Court granted Robinson's motion for permission to file a Sur-Reply. The Sur-Reply was filed on October 23, 2012. Then, on October 26, 2012, Auto-Owners filed a motion for leave to file a Reply to the Sur-Reply. Defendant

1

Robinson filed a Response on October 31, 2012. The total pages of motions and attachments now comprise over three hundred (300) pages.

Counsel for Robinson has filed an affidavit, ECF No. 45-2, indicating that discovery in the case has not been completed and that the current scheduling order provides that discovery may continue until January 25, 2013. The affidavit further requests a stay of a decision in the matter so that further discovery can be conducted, especially in light of the fact that defendant Newsome invoked the Fifth Amendment at his deposition.

Fed. R. Civ. P. 56(d) provides:

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

As a general matter, the Court "must refuse summary judgment 'where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008) (alteration in original)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). The nonmoving party should generally set forth in an affidavit reasons for discovery and cannot withstand a motion for summary judgment simply by stating in its brief that further discovery is needed. *Id*.

In the case at bar, the motion for summary judgment was filed in July of 2012, six months before discovery is scheduled to close in January of 2013. It is apparent based upon the filings in the case that the discovery period has not run and that discovery is still needed on issues pertinent to summary judgment.

Therefore, the plaintiff's Motion for Summary Judgment, ECF No. 24, is denied without prejudice, with leave to re-file.  Plaintiff's Motion for Leave to File a Sur-Reply, ECF No. 40, and Amended Motion for Leave to File a Sur-Reply, ECF No. 41, are deemed moot. The Court notes, however, that the deadline in the scheduling order for dispositive motions is November 9, 2012. Accordingly, in fairness to the plaintiff Auto-Owners, the deadline for filing dispositive motions is extended until February 11, 2013.

**AND IT IS SO ORDERED**.

Florence, SC                                                                                  s/R. Bryan Harwell
November 6, 2012                                                                        R. Bryan Harwell
                                                                                                       United States District Judge